UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:05CV-35-M

BARBARA S. ROGERS, et al.                                            PLAINTIFFS

VS.

GREGORY B. HILL, County Attorney
of Ohio County, KY in his official
capacity, et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion by Defendant, Gregory B. Hill, to dismiss the complaint against him pursuant to Fed. R. Civ. P. 12(b)(6) [DN 11], arguing that Plaintiffs have failed to bring a claim against him upon which relief can be granted. Plaintiffs, Barbara S. Rogers, Eddie W. Rogers, and Trazanna R. Tierney, brought this civil rights action against Defendant under 42 U.S.C. § 1983, alleging that Defendant Hill, acting in his official capacity as County Attorney, Ohio County, Kentucky, violated their constitutional rights by witholding their property from them without due process of law. For the reasons set forth below, Defendant's motion to dismiss is granted.

### I.  STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiffs undoubtedly

can prove no set of facts in support of their claim that would entitle them to relief. Sistrunk v. City of Strongville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied 520 U.S. 1251 (1997).  A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  Wright v. MetroHealth Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiffs have stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).  It is against this standard that the Court reviews the following allegations.

## II. FACTS

Plaintiffs Barbara S. Rogers, Eddie W. Rogers, and Trazanna R. Tierney filed a complaint seeking damages against Defendant Gregory B. Hill.  Defendant Hill is the County Attorney, Ohio County, with the responsibility of prosecuting criminal complaints.  Defendant Hill filed a forgery charge against Plaintiff Tierney in Ohio County District Court on March 15, 2004.  Plaintiffs Barbara and Eddie Rogers are the parents of Trazanna R. Tierney, ex-wife of Brian Tierney.

Plaintiffs, in their complaint in both Counts I and II, claim that Hill, acting as County Attorney and prosecuting the forgery charge against Plaintiff Tierney, introduced a restitution option before the court.  The complaint states: "On or about April 9, 2004, before the Honorable John M. McCarty, Gregory Hill stated that if restitution was made on the check, Defendant Trazanna Tierney could go to rehabilitation."  Complaint, Sec.

VI, Count I, ¶ 10.  Further, the complaint also states: "On April 7, 2004, in Court, the County Attorney said that if $3,000 restitution was made Trazanna's charges would be knocked down to a misdemeanor and she would be released to rehabilitation." Complaint, Sec. VI, Count II, ¶ 25.

On April 10, 2004, Plaintiffs Barbara and Eddie Rogers delivered $3,000 to the Ohio County Jail to be put into Defendant Hill's escrow account.  On April 13, Defendant Hill wrote to Dennis and Brian Tierney, giving them a check for $3000 from the escrow account.

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983.[1]  "To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." Adams v. Metiva, 31 F.3d 375, 386 (6th Cir. 1994).  Plaintiffs' complaint alleges that Defendant Hill violated Plaintiffs' constitutional rights by demanding they pay restitution and collecting their money and dispensing it to Brian Tierney before the case was adjudicated, depriving them of due process of law and disregarding their property rights.

Defendant Hill did not answer Plaintiffs' claim and instead has moved to dismiss

---

[1] 42 U.S.C. § 1983 provides as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

this action pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Hill claims that in prosecuting the forgery charge against Plaintiff Tierney he acted as an agent of the state, leaving no claim upon which relief can be granted and giving the state immunity from prosecution under the Eleventh Amendment's sovereign immunity doctrine.[2]

### III. DISCUSSION

Plaintiffs brought their claim against Defendant Hill in his official capacity as County Prosecutor for Ohio County, Kentucky. Defendant Hill is the Ohio County Attorney and is not an employee of the state. However, precedent shows that when a local prosecutor is enforcing state law or policy, the prosecutor is acting as an agent of the state. Pusey v. City of Youngstown, 11 F.3d 652, 657-58 (6th Cir. 1993), cert. denied 512 U.S. 1237 (1994). KRS 15.700 establishes a unified prosecutorial system for the Commonwealth. KRS 15.725(2) requires a County Attorney to prosecute criminal violations in state court. Thus, Defendant Hill was acting as an agent of the State of Kentucky when prosecuting the forgery charge against Plaintiff Tierney in Ohio County.

An official capacity suit is treated as a suit against the entity for which the defendant is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Given this, Plaintiffs' claim is against the State of Kentucky, and suits against states are barred from the federal courts by the Eleventh Amendment and are not cognizable under 42 U.S.C. §

---

[2]The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

1983. <u>Pusey</u>, 11 F.3d at 658. Thus, Plaintiffs fail to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant to dismiss the 42 U.S.C. § 1983 claim against him [DN 11] in his official capacity is **granted**.

cc: Counsel of Record