**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:05CV-35M**

**BARBARA ROGERS,**
**EDDIE W. ROGERS, AND**
**TRAZANNA R. TIERNEY**                                         **PLAINTIFFS**

v.

**GREGORY B. HILL, OHIO CO. COUNTY**
**ATTORNEY IN HIS OFFICIAL CAPACITY;**
**ELVIS DOOLIN, SHERIFF OF OHIO CO.,**
**IN HIS OFFICIAL CAPACITY; AND**
**TERRY CHINN;  IN HIS OFFICIAL AND INDIVIDUAL**
**CAPACITIES**                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion for summary judgment filed by remaining Defendants, Elvis Doolin ("Sheriff Doolin") and Terry Chinn ("Deputy Chinn"). [DN 25].  Plaintiff Trazanna Tierney ("Tierney"), claims she is entitled to damages from the Defendants' violation of her constitutional due process rights under 42 U.S.C. § 1983. Having been fully briefed, the matter is ripe for decision and for the following reasons, Defendants' motion is **GRANTED**.

**I. BACKGROUND**

Tierney is a resident of Shelbyville, Kentucky.  At the time of her March 12, 2004 arrest for forging checks in Ohio County, she was married to Brian Tierney, nephew of Deputy Chinn.  Tierney and Brian Tierney were having marital problems and custody over

their infant daughter was a contentious subject. Brian Tierney subjected Tierney to physical abuse on a number of occasions. After her March arrest, on March 18, 2004, she was released to Wayside Christian Mission, a treatment center in Louisville, KY. About four days later, Brian Tierney took Tierney from the treatment facility under threat. On March 31, 2004, Brian Tierney involved her in a car accident. Tierney then escaped to her parents' house.

On April 1, 2004 Tierney obtained an EPO against Brian Tierney from the Jefferson Family Court. When filing the report of Brian Tierney's assault on Tierney with the Shelbyville Police, Tierney and her parents learned that Ohio County had issued a bench warrant for her arrest because she had left the treatment facility. On April 4, 2004, Tierney, accompanied by her father, came back to the Ohio County jail to turn herself in on the warrant. The Ohio County Sheriff's Department was called and Deputy Chinn arrived at the jail. Tierney's father then gave Deputy Chinn a copy of the EPO issued against Brian Tierney. Deputy Chinn suggested that Tierney give her infant daughter to his daughter and son-in-law. Tierney refused. While Tierney was in custody, Deputy Chinn took her from the jail to the sheriff's office and placed her in a room with Brian Tierney. Chinn also arranged other meetings between the two, knowing that the EPO was in effect against Brian Tierney and Tierney was in his custody and did not have the ability to leave.

Tierney and her parents, Barbara and Eddie Rogers, initially brought this lawsuit against Ohio County Attorney Greg Hill ("Hill"), Sheriff Doolin, in their official capacities, and against Deputy Chinn in both his official and individual capacity, under 42 U.S.C. §

1983. Plaintiffs alleged violations of their due process, Sixth, and Eighth Amendment rights. Barbara and Eddie Rogers' § 1983 claims were dismissed on May 27, 2005. Plaintiff Tierney acknowledges her only remaining claims relate to the alleged violations of her constitutional rights while in the custody of the Ohio County Sheriff's Department.

The Defendant, Ohio County, seeks summary judgment on the official capacity claims arguing that Plaintiff has not come forward with any evidence of a policy or custom on the part of the county which led to the alleged violation of Tierney's constitutional rights. Deputy Chinn moves for summary judgment on Plaintiff's Sixth and Eighth Amendment claims against him in his individual capacity.

## II. LEGAL STANDARD

The summary judgment standard requires that the Court find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

## III. DISCUSSION

A. Tierney's Official Capacity Claims

A § 1983 suit is considered to be brought against a government entity if it is brought against a governmental official and he is named in his official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). For a claim to be viable against a municipality or county, a plaintiff must show: 1) her harm was due to a constitutional violation; and 2) the city or county is responsible for the violation. Collins v. City of Harker Heights, Tex, 503 U.S. 115, 120 (1992); Napier v. Madison County, Ky., 238 F.3d 739, 743 (6th Cir. 2001). The county cannot be held liable solely because it employed a tortfeasor or based upon any *respondeat superior*-type theory on a § 1983 claim. Collins, 503 U.S. at 120. The Plaintiff must show a direct causal link between a county policy or custom and the alleged constitutional tort. Id.

In response to the Defendants' summary judgment, Tierney has not produced any evidence of a policy or custom on the part of the county that is directly linked to her alleged constitutional violations. Thus, her official capacity claims are dismissed.

B.  Individual Capacity Claims Against Deputy Chinn

In his motion for summary judgment, Deputy Chinn questioned the nature of Tierney's Sixth Amendment claim. Tierney did not respond with any clarification as to that claim, thus, the Court deems the claim abandoned, and it is hereby dismissed.

As to the Eighth Amendment claim, Deputy Chinn is correct that Tierney, as a pre-trial detainee, was not protected by the Eighth Amendment. However, courts extend Eighth Amendment protections to pretrial detainees through the due process clause of the Fourteenth Amendment. Miller v. Calhoun County, 408 F.3d 803, 812 (6th Cir. 2005). Count III of

Tierney's complaint alleges that Deputy Chinn violated her constitutional rights by failing to follow the Emergency Protective Order ("EPO") issued by a Jefferson Family Court. It is alleged that Deputy Chinn allowed Brian Tierney, the subject of the Jefferson Family Court EPO, repeated access to Tierney while she was in the custody of the Sheriff's Department. Deputy Chinn's argues that her allegations, even when taken in the most favorable light, do not amount to the "unnecessary and wanton infliction of pain" necessary for an Eighth Amendment claim. Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

A constitutional claim arises when an injury occurs as a result of the state's deliberate indifference to the risk of such an injury. In a case based on a failure to prevent harm, the inmate must show that he or she is incarcerated under conditions posing a substantial risk of serious harm because only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 834 (1970). The Plaintiff failed completely to respond to the Defendant's motion for summary judgment on this claim. Thus, the Court finds that this claim should likewise be dismissed.

Plaintiff's response to Defendant's summary judgment essentially argues that her arrest was without probable cause. If true, this would constitute a Fourth Amendment violation. These facts were never alleged in the complaint. Thus, the Court will not address such a claim.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion for summary judgment filed by Defendants [DN 25] is **GRANTED.**

Copies to:  Counsel of record

U:\documents\Tierney\1983SJOpn.wpd